IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| B&K LIVESTOCK AUCTION, INC., | Case No. 3:12-cv-2085-PK |
| Plaintiff, | |
| v. | OPINION AND ORDER ADOPTING FINDINGS AND RECOMMENDATION |
| OREGON DEPARTMENT OF ENVIRONMENTAL QUALITY, et al., | |
| Defendants. | |

Jacob Wieselman, 312 N.W. Tenth Avenue, Suite 200, Portland, OR 97204. Attorneys for Plaintiff.

Ellen F. Rosenblum, Attorney General and Stephanie M. Parent, Senior Assistant Attorney General, Department of Justice, 1515 S.W. Fifth Avenue, Suite 410, Portland, OR 97201. Attorneys for Defendants.

**Michael H. Simon, District Judge.**

  Plaintiff B&K Livestock Auction, Inc. ("B&K") brings this action seeking a declaratory judgment, pursuant to 28 U.S.C. § 2201, that the state of Oregon never received proper authority from the Environmental Protection Agency ("EPA") to administer the National Pollution Discharge Elimination System ("NPDES") program and, thus, Oregon's NPDES regulation and

PAGE 1 – OPINION AND ORDER

permitting scheme is *ultra vires*. Between 2008 and 2010, the Oregon Department of Agriculture ("ODA") commenced three separate administrative proceedings against B&K for failure to comply with Oregon's state-administered NPDES program. Under the Clean Water Act, NPDES permitting programs may be administered by the EPA or by a state permit program that satisfies certain statutory requirements. 33 U.S.C. § 1342.

Defendants moved to dismiss Plaintiff's claim. Dkt. 11. Defendants argue, among other things, that Plaintiff's claim is precluded by previous state administrative proceedings brought against Plaintiff. United States Magistrate Judge Paul Papak issued Findings and Recommendation in this case on June 27, 2013. Dkt. 33. Judge Papak recommended that Defendants' Motion to Dismiss be granted. Plaintiff timely filed objections (Dkt. 38) to the Findings and Recommendation, to which Defendants responded. Dkt. 39. Plaintiff objects to Judge Papak's finding that Plaintiff's claim is precluded by the earlier state administrative proceedings. For the reasons stated below, the Court **ADOPTS** Judge Papak's Findings and Recommendation, Dkt. 33.

## STANDARDS

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report[.]"); *United States. v. Reyna-Tapia*, 328 F.3d

PAGE 2 – OPINION AND ORDER

1114, 1121 (9th Cir. 2003) (*en banc*) (the court must review de novo magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

## DISCUSSION

Plaintiff raised new arguments in its objections to the Findings and Recommendation. Defendants argue that this Court should exercise its discretion and decline to consider Plaintiff's new arguments. The Magistrate's Act permits the court to "receive further evidence" at its discretion. 28 U.S.C. § 636(b)(1); *see also United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000) (discussing the Circuit split on whether a district court must or may consider new evidence when reviewing *de novo* a magistrate judge's findings and recommendation, and concluding that a district "has discretion, but is not required" to consider new evidence). Here, Plaintiff offers no explanation for why its new arguments were not raised before Judge Papak, and the Court exercises its discretion not to consider the new arguments.

Having considered the parties' arguments, the objections, the response to the objections, and the briefing before Judge Papak and having reviewed Judge Papak's findings and recommendations *de novo*, the Court agrees with Judge Papak's analysis. In particular, the Court notes that under Oregon law, Plaintiff is precluded from litigating a question that could have been litigated as a defense in the earlier state administrative proceedings. As explained by the Oregon Supreme Court:

> Claim preclusion applies equally to a defendant's defense. *See* Restatement (Second) of Judgments § 18. Claim preclusion does not require actual litigation of an issue of fact or law, as does issue preclusion. Nor does it require that the determination of the issue be essential to the final or end result reached in the action, claim, or proceeding. However, claim preclusion requires that specified characteristics be present in the former action or proceeding before the determination is conclusive on the parties in the future. *The opportunity to litigate is required, whether or not it is used.* Finality is also required. See *id*. at § 18, comment a, and § 19, comment a. *Where there is an opportunity to litigate the question along the road to the final determination of the action or proceeding, neither party may later litigate the subject or question.*
>
> * * *
>
> Both issue preclusion and claim preclusion apply to administrative proceedings, provided that the tribunal's decision-making processes include certain requisite characteristics.

*Drews v. EBI Companies*, 795 P.2d 531, 535-36 (Or. 1989) (emphasis added). Plaintiff could have raised as a defense in each of the state administrative proceedings its argument that the state of Oregon does not have the legal authority to administer the NPDES, and could have appealed the administrative orders in Oregon state court and litigated the point in state court. Thus, Plaintiff had the *opportunity* to litigate this question.[1] Plaintiff's decision not to take advantage of that opportunity does not prevent Plaintiff from being precluded from arguing the question in this Court.

---

[1] For an administrative proceeding to have a preclusive effect in a subsequent judicial proceeding, it must "provide sufficiently formal and comprehensive procedures." *State v. Ratliff*, 744 P.2d 247, 258 (Or. 1987). Oregon courts have not articulated precisely what procedures are required, but the United States Supreme Court in discussing the preclusive effect of administrative decisions noted, "When an administrative agency is acting in a judicial capacity and resolved disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply res judicata to enforce repose." *United States v. Utah Constr. Mining Co.*, 384 U.S. 394, 422 (1966). Plaintiff here had the opportunity for such procedures in the state administrative proceedings.

PAGE 4 – OPINION AND ORDER

Plaintiff's argument that its current claim is based on different factual transactions from the three previous state administrative proceedings misunderstands the operative facts the Court considers in this case in considering claim preclusion. The operative facts are not Plaintiff's specific discharges that were alleged to be violative of Plaintiff's NPDES permit in each administrative proceeding, but the fact that Plaintiff was required to obtain a permit, the fact that the State was administering the NPDES program, and the facts surrounding the State's authority to administer the program. Those facts have not changed and existed at the time of the state administrative proceedings against Plaintiff. When Plaintiff received the noncompliance notices, Plaintiff could have raised the defense that the State did not have the authority to regulate Plaintiff before the ODA or before the Oregon courts.

## CONCLUSION

The Court ADOPTS Judge Papak's Findings and Recommendation. Dkt. 33. Defendants' Motion to Dismiss (Dkt. 11) is GRANTED and this case is DISMISSED with prejudice.

**IT IS SO ORDERED**.

DATED this 31st day of July 2013.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 5 – OPINION AND ORDER